UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
SEP 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-443-GWU

LUCILLE SMITH, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Lucille Smith brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smith, a 65 year-old former substance abuse counselor and school lunchroom clerk with a high school education, suffered from impairments related to degenerative joint disease, hypertension, diabetes, osteoarthritis and a history of irritable bowel complaints. (Tr. 13, 16). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 18). Since the claimant's past work could still be performed, she could not be considered totally disabled. (Tr. 19).

The Court must first determine the time period pertinent to this appeal. A prior DIB application filed by Smith was denied by the administration in a decision final as of August 29, 2001. (Tr. 11). The ALJ on the current application declined to reopen this decision. (Tr. 11). The current ALJ also determined that the plaintiff's DIB-insured status expired on June 30, 2003. (Tr. 18). Therefore, the claimant must prove she became disabled between August 30, 2001 and June 30, 2003 to qualify for DIB.

After review of the evidence presented, the undersigned concludes that

5

the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Smith was found capable of performing a restricted range of light level work in the prior administrative decision. (Tr. 29-36). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . " In the present action, the ALJ indicated that she had not found "new and material" evidence to depart from the prior decision. (Tr. 18). However, the current ALJ's residual functional capacity finding contains fewer restrictions than that made in the prior denial decision. The current ALJ found a restriction to light level work along with an inability to more than occasionally climb, stoop, kneel, crouch, or crawl (Tr. 18) while the prior decision restricted the claimant to light level work limited by a need to alternate at will between standing and sitting, an inability to more than occasionally stoop, bend, crouch, crawl or climb ramps and stairs, an inability to ever climb ropes, ladders, or scaffolds, and a need to avoid exposure to unprotected heights, dangerous or moving machinery, temperature extremes or excessive humidity (Tr. 35-36). The defendant asserts that this error is harmless because under either set of restrictions, the plaintiff could still return to her past relevant work. Furthermore, the plaintiff has not raised this discrepancy as an issue. Therefore, the undersigned agrees that this problem constitutes only harmless error.

6

The medical evidence submitted in connection with the current DIB application does not support the existence of physical restrictions which would preclude performance of Smith's past relevant work. The plaintiff had the burden of bringing forth sufficient evidence to demonstrate she could not return to her past work and this burden is not met by the current record.

Dr. Charles Catron, a treating physician, permanently limited Smith from lifting more than 40 pounds with no above ground level work and only flat surfaces. (Tr. 171). The prior decision indicates that such limitations are compatible with the past relevant work. (Tr. 35-36). Furthermore, the Work History Report does not suggest that these limitations would interfere with performance of the past work. (Tr. 84-85).

Smith asserts that the restriction concerning ground level work precludes any climbing and, so, would preclude the past jobs. The defendant argues that this limitation refers to a need to avoid exposure to heights which would not interfere with performance of the past work as found in the prior denial decision. Dr. Catron at one point in the record specifically referred to an apparently temporary limitation concerning no frequent climbing of stairs. (Tr. 179). The undersigned agrees with the defendant's argument that if the physician had wished to preclude all climbing he would have said exactly that. The ground level work restriction does appear more likely to be a limitation relating to heights as argued by the defendant and would be compatible with the past jobs. Therefore, the past work would not be precluded by Dr. Catron's permanent restrictions.

No other treating or examining source of record, including the staff at Lexington Clinic (Tr. 131-137, 231-341), the staff at Appalachian Regional Healthcare (Tr. 138-166), Dr. Bernard Moses (Tr. 180-191), and the staff at the

7

Lexington Surgery Center (Tr. 242-250), identified the existence of specific functional limitations which might preclude performance of Smith's past relevant work. Dr. John Rawlings (Tr. 192-203) and James Ross (Tr. 204-213), the non-examining medical reviewers, each limited Smith to a restricted range of light level work which appear consistent with performance of the past jobs. Therefore, the medical record supports the ALJ's findings.

Smith argues that the ALJ erred in failing to recognize that the records submitted at the hearing from Lexington Clinic (Tr. 231-241) and the Lexington Surgery Center (Tr. 242-250) support the claim that her problems with diarrhea and weight loss were disabling. The treatment records from Lexington Clinic dealt primarily with cardiovascular complaints which were noted to be stable. (Tr. 231). Neither of these records identifies specific functional limitations. Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29 day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE